UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY WHELAN, | ) | CASE NO. CV 11-01628 SVW (RZ) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE RE TIMELINESS |
| vs. | ) ) | |
| KELLY HARRINGTON, Warden, | ) ) | |
| Respondent. | ) ) | |

      The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that the action may be time-barred.

      In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court.  28 U.S.C. § 2244(d).  In most cases, the limitations period commences on the date a petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).  The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final:  the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (June 14, 2010).

The current petition for the counseled petitioner was filed on February 24, 2001. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) On July 12, 2006, a Los Angeles County Superior Court jury convicted Petitioner of three counts of second degree murder. He was sentenced to three consecutive terms of 15 years to life in prison. Pet. ¶ 2.

(b) Petitioner appealed, but the California Court of Appeal affirmed (with modifications that are not pertinent here) on April 15, 2008. Pet. ¶ 3. The California Supreme Court denied further direct review on July 16, 2008. Pet. ¶ 4.

(c) Petitioner apparently did not seek *certiorari* in the United States Supreme Court. His conviction therefore became final after October 15, 2008, after the high court's 90-day period for seeking such relief expired. *See* Sup. Ct. R. 13.1. His one-year AEDPA limitations period began to run on that date.

(d) On the 364th day thereafter, namely October 14, 2009, Petitioner filed a habeas petition in the trial court. Ex. 1 to Pet.; Pet. ¶ 6(a)(3). On November 24, 2009 the trial court denied relief. Ex. 1.5 [*sic*] to Pet.; Pet. ¶ 6(a)(5). Two days remained in Petitioner's AEDPA limitations period

(e) 85 days passed before Petitioner filed another habeas petition on the 86th day, February 18, 2010, this time in the California Court of Appeal. *See* Ex. 2 to Pet.; Pet. ¶ 6(b)(3). Petitioner does not receive "gap tolling" between these two petitions because his delay was greater than "30 [to] 60 days" and is unexplained. *Evans v. Chavis*, 546 U.S. 189, 191-92, 201, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir.

2010) (per curiam) (unexplained delay exceeding the 60-day upper period noted in *Chavis* precludes gap tolling). Accordingly, by the time Petitioner filed this second state-habeas petition, *his AEDPA limitations period already had expired*. The expiration would have occurred after November 27, 2009, but due to the Thanksgiving holiday it occurred after November 30, 2009. After Petitioner presented an amended petition, the California Court of Appeal rejected relief on April 26, 2010. Ex. 3 to Pet.' Pet. ¶ 6(b)(5).

(f) Another 80 days passed. On July 16, 2010, the 81st day after the prior petition's denial, Petitioner presented another habeas petition in the California Supreme Court, which denied relief on February 23, 2011. *See* Pet. ¶ 6(c). As with the preceding petition in the California Court of Appeal, Petitioner receives no "gap tolling" due to his unexplained delay of over 60 days in filing the next petition.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. The AEDPA limitations period expired after November 30, 2009, a few days after the trial court rejected Petitioner's initial state habeas petition. No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 14 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: March 2, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE